IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE LITTLE,** | CIVIL ACTION |
| **Plaintiff,** | No. 19-172 |
| v. | |
| **TUBE CITY RENAISSANCE and WILLIAM P. MULLEN, in his official capacity as Sheriff of Allegheny County, Pa.** | |
| **Defendants.** | |

### AMENDED COMPLAINT

I.     **PRELIMINARY STATEMENT**

1. WAYNE LITTLE brings this civil action seeking declaratory and injunctive relief and damages against TUBE CITY RENAISSANCE ("Tube City") for its actions, through utilization of state court procedure and the Sheriff's office, that attempted to dispossess him and his family of their home and to assume control over his home through the appointment of Tube City as conservator of his home without first providing him with prior notice of its actions and an opportunity to object to those actions in violation of his right to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

2. Mr. Little further brings this civil action seeking declaratory relief and damages against ALLEGHENY COUNTY SHERIFF WILLIAM P. MULLEN ("Sheriff Mullen") for Sheriff Mullen's actions in attempting to dispossess Mr. Little and his family of their home through the execution of a Writ of Possession requested by Tube City without first providing Mr. Little with prior notice of the issuance of the Writ and an opportunity to

    object to its issuance in violation of Mr. Little's right to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

3. In early October 2018, Mr. Little suddenly and unexpectedly discovered, posted on his and his family's home of eight years, a Writ of Possession for that property, served by a deputy Sheriff at the direction of Sheriff Mullen. The Writ demanded that Mr. Little and his family fully surrender possession of their home within nine days, or suffer their forcible eviction immediately thereafter.

4. Until he found the posted Writ, Mr. Little had received no documentation of any judicial determination authorizing his and his family's eviction. Mr. Little had received no prior notice of any judicial proceedings filed against him in regard to this matter, and Mr. Little had never been afforded any opportunity to dispute a claim that he and his family were not in lawful possession of their home.

5. Completely unknown to Mr. Little, Defendant Tube City had, four and half months earlier, instituted an action in the Allegheny County Court of Common Pleas seeking to declare Mr. Little's home "blighted" and/or "abandoned" pursuant to the Pennsylvania Abandoned and Blighted Property Conservatorship Act, and seeking to appoint Tube City as the legal conservator of the property.

6. Completely unknown to Mr. Little, the Allegheny County Court of Common Pleas, one and one-half months earlier, had granted Tube City's petition.

7. Completely unknown to Mr. Little, Tube City had, a month thereafter, petitioned the Allegheny County Court of Common Pleas under the Conservatorship Act for the right to immediately dispossess Mr. Little and his family from their home.

8. Completely unknown to Mr. Little, the Court of Common Pleas of Allegheny County entered an order directing the Sheriff to evict any occupants in Mr. Little's residence within nine days of service of the order.

9. Mr. Little, upon learning of his imminent eviction, promptly petitioned the Court of Common Pleas to intervene in the conservatorship action and cancel the scheduled eviction. However, the Court of Common Pleas denied Mr. Little's petition and scheduled the forcible eviction of Mr. Little and his family for March 1, 2019.

10. Just days from his eviction and the possibility of himself, his intimate partner and their two minor children becoming homeless, Tube City filed with the Allegheny County Court of Common Pleas a petition to terminate its conservatorship of Mr. Little's home upon learning of this lawsuit. The Allegheny County Court of Common Pleas granted the request, terminating Tube City as conservator and dismissing the petition without prejudice, thus, allowing Tube City to refile and seek the same relief in the future.

II. **JURISDICTION AND VENUE**

11. This action arises under the Fourteenth Amendment to the Constitution of the United States of America.

12. This Court possesses the jurisdictional authority pursuant to 42 U.S.C. §1983 to redress the rights, privileges and immunities secured by the Constitution.

13. This Court has original jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1343.

14. Declaratory relief is authorized by 28 U.S.C. §2201 and F.R.Civ.P. 57.

15. Injunctive relief is authorized by 28 U.S.C. §2202 and F.R.Civ.P. 65.

16. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391 because it is the judicial district in which all of the events or omissions giving rise to the Plaintiff's claims occurred and in which the Defendants are located and conduct business.

### III.  PARTIES

17. Plaintiff Wayne Little is a resident of Allegheny County, Pennsylvania.  He lives with his intimate partner, Shakeea Washington, and their five and nine-year-old daughters.

18. Defendant Tube City Renaissance is a Pennsylvania non-profit corporation with a registered business address of 600 Walnut Street, McKeesport, Allegheny County, Pennsylvania.  At all times relevant to this action, Tube City acted by and through its duly authorized agents and/or employees who acted within the scope and course of their employment and under color of state law.

19. Defendant William P. Mullen is the duly elected Sheriff of Allegheny County with his office located at 436 Grant Street, Allegheny County Court House, Room 111, Pittsburgh, Allegheny County, Pennsylvania 15219.  He oversees the Allegheny County Sheriff's Office and thus, he is charged with the responsibility of executing Writs of Possession issued by the Allegheny County Court of Common Pleas.  At all times relevant to this action, Sheriff Mullen acted by and through his duly authorized agents and/or employees who acted within the scope and course of their employment and under color of state law.

## IV. LEGAL FRAMEWORK

20. The Pennsylvania Abandoned and Blighted Property Conservatorship Act (68 P.S. §§ 1101, *et seq*.) (hereafter the "Act") allows a neighbor, a nearby business owner, a nonprofit corporation located within the same municipality, or the municipality or school district to petition the Court of Common Pleas for appointment as "conservator" of a property determined to be abandoned and blighted.

21. Once appointed conservator for a property, the individual or entity acquires possession of and control over the property, including the right to make repairs, collect rents, enter into new leases, obtain financing with the property as collateral, and sell the property. 68 P.S. §§ 1105(h) and 1106.

22. The conservator may file liens on the property with the Allegheny County Recorder of Deeds for the costs to the conservator of obtaining conservatorship and of any expenses incurred in the repair and/or sale of the property. 68 P.S. § 1105(g).

23. The petitioner for conservatorship must "notify the current owner of the property… of the filing by registered or certified mail to the last known address of each and by posting a copy of the notice on the building." 68 P.S. § 1104(d).

24. However, the Act does not likewise require the petitioner to notify any resident, who is not unilaterally determined by the petitioner to be an owner, including an equitable owner, of the subject property "of the filing."

25. The Act does not prescribe the content of the "notice" which must be posted on the subject property.

26. The Act does not require the petitioner to notify any resident residing in the subject property of the date, time, and location of the court hearing on the conservatorship petition or that there is any opportunity to participate in any such hearing.

27. Tube City took the position that the Act does not require that a resident of the subject property be afforded an opportunity to object to the appointment of a conservator or to the eviction of the resident.

28. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

29. The manner of service of such notice "must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane* at 315.

30. The content of the notice must be reasonably calculated to inform one of the availability of an opportunity to present objections, *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978).

31. Notice by posting has been determined to be an inadequate form of notice to satisfy minimum due process when better means to actually inform those threatened with the deprivation of important property interests are available. *Greene v. Lindsey,* 456 U.S. 444 (1982).

V.   **FACTUAL STATEMENT**

32. Mr. Little and his family have resided in a single-family, three-bedroom, residential property at 1507 Carnegie Avenue in McKeesport, Pennsylvania since late December 2010.

33. A few months prior to moving into the subject residential property, Mr. Little, a life-long McKeesport resident, learned that the property had become available to purchase from one of the heirs of the then-deceased owner.

34. After meeting with Mr. Little and showing him the property, which required significant repairs and lacked utility and plumbing services, the heir agreed to sell the property to Mr. Little for $2,000.00 cash and Mr. Little's assumption of the obligation to pay all past-due real estate taxes.

35. On that same date, Mr. Little remitted $2,000.00 cash to the heir and the heir furnished to Mr. Little the keys to the subject property. However, because neither party could afford the necessary transaction or attorney fees, no deed to the property was prepared or executed on behalf of Mr. Little.

36. Mr. Little and his intimate partner, Ms. Washington, immediately began to make the substantial repairs necessary to render their new home habitable.

37. Once they replaced the damaged flooring and missing plumbing, secured the windows, and did electric work in order to resume utility services, Mr. Little, Ms. Washington and their then one-year old daughter moved into the subject property, where they have continuously resided to date.

38. Since moving into the home, Mr. Little and Ms. Washington have continued to invest time, money and their own labor to maintain and improve their residential premises.

Among other improvements, they replaced part of the roof, remodeled the bathroom and two of the three bedrooms, and installed some new windowpanes and a hot water heater.

39. Meanwhile, pursuant to the purchase agreement and during the ensuing years, Mr. Little remitted payments towards the past-due real estate taxes through payment arrangements with the real estate tax collection agent for the City of McKeesport and school district.

40. Mr. Little and his family, including another daughter born in 2013, have settled into their home and community over the last eight years. Both Mr. Little and Ms. Washington work nearby. Their oldest daughter attends elementary school only a few blocks from their home, and their youngest daughter attends preschool at the Presbyterian church on their block.

41. On October 10, 2018, Mr. Little suddenly and unexpectedly discovered, posted upon his family's home, a Writ of Possession for that property, served by the Allegheny County Sheriff. The Sheriff's Writ demanded that Mr. Little and his family fully surrender possession of their home within nine days or suffer their forcible eviction immediately thereafter.

42. Completely unknown to Mr. Little, Tube City had, four and half months earlier, instituted an action in the Allegheny County Court of Common Pleas seeking to declare Mr. Little's home "blighted" and/or "abandoned" pursuant to the Pennsylvania Abandoned and Blighted Property Conservatorship Act, and seeking to appoint Tube City as the legal conservator of the property.

43. Despite it being known to both Tube City's Board Chair and by Tube City's Chief Executive Officer that Mr. Little and his family had continuously resided in the subject residential property for several years, Tube City did not notify Mr. Little by personal

delivery, mail, posting or in any other manner of the proceedings it had initiated to dispossess Mr. Little and his family of their property interests and occupancy of their long-time home.

44. Completely unknown to both Mr. Little and Ms. Washington until after the Writ of Possession was posted on their home, the Allegheny County Court of Common Pleas, one and one-half months earlier on August 23, 2018, had entered an Order, following a hearing which Mr. Little was not aware of, granting Tube City's petition.

45. Neither the Court of Common Pleas of Allegheny County nor Tube City notified Mr. Little of the Court's August 23, 2018 Order declaring the home of Mr. Little and his family to be blighted and/or abandoned and appointing Tube City conservator.

46. One month later, on September 28, 2018, and again completely unknown to Mr. Little, Tube City presented a petition to the Allegheny County Court of Common Pleas under the Conservatorship Act seeking the right to immediately dispossess Mr. Little and his family from their home.

47. Despite its knowledge of Mr. Little's and his family's several-year, continuous residence in the subject property, Tube City, again, did not notify Mr. Little, in advance, by personal delivery, mail, posting or in any other manner of its presentation to the Allegheny County Court of Common Pleas of its petition to dispossess Mr. Little and his family of their occupancy of their long-time home.

48. On September 28, 2018, the Court of Common Pleas of Allegheny County upon Tube City's petition entered an Order directing the Allegheny County Sheriff to remove all occupants from Mr. Little's and his family's residential property.

49. Neither the Court of Common Pleas of Allegheny County nor Tube City notified Mr. Little, by either personal delivery or mail, of the Court's September 28, 2018 Order directing the Sheriff to immediately dispossess him and his family from their home except through a Writ of Possession posted upon the premises by a deputy sheriff on October 10, 2018.

50. This notice demanded that Mr. Little and his family vacate their home within nine days or be forcibly removed.

51. Upon learning of his imminent eviction, Mr. Little sought and obtained legal counsel, who promptly petitioned the Court of Common Pleas to intervene in the conservatorship action and cancel the scheduled eviction.  However, the Court of Common Pleas denied Mr. Little's petition and scheduled the forcible eviction of Mr. Little and his family for March 1, 2019.

52. Mr. Little and his family faced imminent homelessness due to the Defendants' conduct and threatened conduct, resulting from the foregoing judicial determinations effectuated without first affording Mr. Little any advance notice of, and/or any opportunity to dispute, the merits of those judicial determinations.

53. The impending threat of eviction overwhelmed Mr. Little with stress and anxiety.  He suffered panic attacks, causing him to seek medical assistance.  He felt helpless, losing motivation to work.

54. Mr. Little spent time and resources searching for alternative housing and experienced shame and humiliation in front of his children, his family members and others, including business associates and co-workers from whom he asked for assistance, because he could not provide basic housing security to his family.

55. Mr. Little's interest in his home was encumbered by Tube City's conservatorship of the property, acquired without any prior notice to Mr. Little and without affording Mr. Little any opportunity to dispute the judicial determination in this regard.  Such encumbrance afforded Tube City control of the subject residential property, the right to file liens against the property for the expenses incurred by Tube City in matters concerning its conservatorship, and the right to sell the subject property.

56. After Tube City received notice of Mr. Little having filed the case at bar, Tube City petitioned the Court of Common Pleas of Allegheny County to terminate its conservatorship of Mr. Little's home.  Thereupon, the Court terminated the conservatorship and dismissed the petition without prejudice.

57. The threat to Mr. Little's residential property from continued like conduct by the Defendants remains and has resulted in continued anxiety over his family's security.

VI. **CAUSES OF ACTION**

  a. **Unconstitutional deprivation of property without due process of law – against Defendant Tube City Renaissance**

58. Tube City by utilizing the state court procedure to obtain appointment as conservator with power to deprive Mr. Little of his property, including incurring expenses, imposing liens or selling the property, without first affording him notice of the underlying judicial proceedings and an opportunity to object in those proceedings, has acted under color of state law in depriving Mr. Little of his property without due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

59. Tube City by engaging the Allegheny County Sheriff to evict Mr. Little and his family from their home without first affording him notice of the underlying judicial proceedings and an opportunity to object in those proceedings, has acted under color of state law in depriving Mr. Little of his property without due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

   **b.  Unconstitutional deprivation of property without due process of law – against Allegheny County Sheriff William P. Mullen**

60. The conduct, policies, and practices of William P. Mullen, acting in his official capacity as Sheriff of Allegheny County, Pennsylvania, in effectuating the service of the Writ of Possession demanding that Mr. Little and his family promptly surrender possession of their home and in threatening to effectuate their involuntary and forcible eviction from their home should they fail to do so without Mr. Little first having been afforded notice of the underlying proceedings and an opportunity to object, unconstitutionally deprived Mr. Little of his property without due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

VII. **REQUEST FOR RELIEF**

   **WHEREFORE**, the Plaintiff requests this Court to enter relief as follows:

   1. Assume jurisdiction of this case;
   2. Enter a judgment, pursuant to 28 U.S.C. § 2201 and F.R.Civ.P. 57, which declares that the practices, policies, and procedures of the Defendants violated the Plaintiff's rights to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America;
   3. Enter an injunction:

a. Enjoining Defendant Tube City from acting in concert with the Sheriff or any other state actor to deprive Mr. Little of his property at 1507 Carnegie Avenue, McKeesport, PA 15132, including but not limited to taking any further action to remove Mr. Little and his family from the property, to restrict Mr. Little's and his family's use of the property, to file any liens against the property, or to apply for permission to sell the property without having first provided Mr. Little with notice and an opportunity consistent with due process to object to any such action; and,

b. Enjoining Defendant William P. Mullen from evicting or from authorizing the eviction of Mr. Little or his family from their home at 1507 Carnegie Avenue, McKeesport, PA 15132 unless and until Mr. Little is first provided notice and an opportunity consistent with due process to object to such action;

4. Award the Plaintiff damages for Defendants' violation of his rights to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

5. Award the Plaintiff his litigation costs and reasonable attorneys' fees; and,

6. Grant such additional relief as may be deemed fair and proper.

Respectfully Submitted:

/s/ Daniel G. Vitek
Pa.I.D. No. 209013
Community Justice Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA 15222
(412) 652-9765
dvitek@cjplaw.org

/s/ Eileen D. Yacknin
Eileen D. Yacknin
Pa.I.D. No. 26525
Neighborhood Legal Services Association
928 Penn Avenue
Pittsburgh, PA 15222
(412) 586-6155
yacknine@nlsa.us

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE LITTLE,** | CIVIL ACTION |
| **Plaintiff,** | No. 19-172 |
| v. | |
| **TUBE CITY RENAISSANCE and WILLIAM P. MULLEN, in his official capacity as Sheriff of Allegheny County, Pa.** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I did this day cause to be served this Amended Complaint by first class mail upon the following:

Tube City Renaissance
600 Walnut Street
McKeesport, PA 15132

William P. Mullen
Sheriff of Allegheny County
Allegheny County Court House, Room 111
436 Grant Street,
Pittsburgh, PA 15219

Lisa G. Michel, Esq.
Bacharach & Michel
1113 Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Respectfully Submitted:

June 10, 2019

/s/ Daniel G. Vitek
Pa.I.D. No. 209013
Community Justice Project
100 Fifth Avenue, Suite 900

Pittsburgh, PA 15222
(412) 652-9765
dvitek@cjplaw.org

/s/ Eileen D. Yacknin
Eileen D. Yacknin
Pa.I.D. No. 26525
Neighborhood Legal Services Association
928 Penn Avenue
Pittsburgh, PA 15222
(412) 586-6155
yacknine@nlsa.us

Counsel for Plaintiff