IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

WAYNE LITTLE, )
)
Plaintiff, ) 2:19-CV-00172-MJH
)
vs. )
)
TUBE CITY RENAISSANCE, WILLIAM P. )
MULLEN, IN HIS OFFICIAL CAPACITY )
AS SHERIFF OF ALLEGHENY COUNTY, )
PA.; )

Defendants,

OPINION AND ORDER

Plaintiff, Wayne Little, brings the within action against Defendants, Tube City Renaissance ("Tube City") and William P. Mullen, in his official capacity as Sheriff of Allegheny County ("Sheriff Mullen") for allegations of unconstitutional deprivation of property without due process of law. Sheriff Mullen filed a Motion to Dismiss and Brief, seeking dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 11 and 12). Mr. Little field a Brief in Opposition (ECF No. 18). The matter is now ripe for decision.

For the following reasons, Sheriff Mullen's Motion to Dismiss will be granted.

**I.    Background**

Wayne Little seeks declaratory relief, injunctive relief, and damages against Sheriff Mullen for his "actions in attempting to dispossess Mr. Little and his family of their home through the execution of a Writ of Possession requested by Tube City." (ECF No. 8 at ¶ 2). Mr. Little also alleges that "[o]n September 28, 2018, the Court of Common Pleas of Allegheny County upon Tube City's Petition entered an Order directing the Allegheny County Sheriff to remove all occupants from Mr. Little's and his family's residential property." *Id.* at ¶ 48.

Because he was not provided notice of the issuance of the writ and an opportunity to object, Mr. Little avers that the Sheriff's actions, policies, and procedures violated his due process rights under the Fourteenth Amendment to the Constitution. *Id.*

Prior to the October 2018 service of the Writ of Possession, on May 26, 2018, Tube City petitioned to declare Mr. Little's home "blighted" and/or "abandoned" and to appoint Tube City as the legal conservator under the Pennsylvania Abandoned and Blighted Property Conservatorship Act. *Id.* at ¶ 5. Mr. Little alleges that he received no notice of the conservatorship action before the Allegheny Court of Common Pleas granted Tube City's petition. *Id.* at ¶ 6. Later, Tube City petitioned for the right to dispossess Mr. Little from his residence, whereupon the Court of Common Pleas entered an order directing the Sheriff to evict any occupants in Mr. Little's residence. *Id.* at ¶¶ 7-8.

In October 2018, a deputy sheriff served and posted a Writ of Possession on Mr. Little's home. *Id.* at ¶ 3. The Writ demanded that Mr. Little surrender possession of his home within nine days or face forcible eviction. *Id.* Mr. Little alleges he received no documentation or notice of any judicial proceedings authorizing his eviction before he was served with the Writ. *Id.* at ¶ 4. Upon learning of the Writ, Mr. Little petitioned the Court for leave to intervene; however, the Court denied Mr. Little's petition and permitted the eviction process to move forward. *Id.* at ¶ 9. Before the eviction occurred, Tube City petitioned to terminate its conservatorship, which also terminated the eviction process. *Id.* at ¶ 10.

## II.   Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not

whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

### III. Discussion

The Amended Complaint alleges that Sheriff Mullen, acted in his official capacity, and through his conduct, policies, and practices deprived Mr. Little of his property without due process of law as guaranteed by the Fourteenth Amendment. (ECF No. 8 at ¶ 60). In *Addlespurger v. Corbett*, 2011 WL 3418975, at *8 (W.D. Pa. Aug. 1, 2011), aff'd, 461 F. App'x 82 (3d Cir. 2012), where the sheriff was sued in his official and individual capacities, the court stated, "Mullen is an elected officer with duties that include maintaining peace in the courtroom, transferring prisoners, enforcing bench warrants and serving process. In all of these functions he is an arm of the judicial branch." *Id.* (citations omitted). The court thus concluded that where "Mullen's conduct is limited to performing administrative functions as part of the judicial branch he is entitled to quasi-judicial immunity." *Id.*; see also *Mohammed v. Wells Fargo* N.A., 2016 WL 446633, (M.D. Pa. Jan. 11, 2016), report and recommendation adopted, 2016 WL 452143 (M.D. Pa. Feb. 4, 2016) (sheriff dismissed on the grounds of judicial immunity because the claims are based on his ministerial role in satisfying the mortgage foreclosure judgment).

Judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Likewise, court administrators and sheriffs who carry out activities, which are "an integral part of the judicial process" and are "charged with the duty of carrying out facially valid court orders,

enjoy quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order." *Addlespurger v. Corbett*, 461 F. App'x 82, 85–86 (3d Cir. 2012) (holding Sheriff Mullen's involvement in the alleged civil rights violations was entitled to quasi-judicial immunity in following Judge Wecht's orders).

Here, Sheriff Mullen contends that he cannot be liable because he and/or his deputies were performing a ministerial task in executing a court order for possession of the subject property.[1] Mr. Little responds that the Conservatorship Act fails to provide him, as a resident of the subject property, with due process and that the Sheriff is accountable for depriving him of his property interest without due process of law. In his Amended Complaint, Mr. Little alleges that "[o]n September 28, 2018, the Court of Common Pleas of Allegheny County upon Tube City's Petition entered an Order directing the Allegheny County Sheriff to remove all occupants from Mr. Little's and his family's residential property." (ECF No. 8 at ¶ 48). Mr. Little does not allege any facial defect in said September 28, 2018 Order. In serving the Writ, Sheriff Mullen was performing his administrative function of serving process of a court order. Thus, Sheriff Mullen, in his official capacity enjoys quasi-judicial immunity to Mr. Little's claims in this case.[2] Because no further factual allegations would alter the above-analysis, any amendment is

---

[1] Sheriff Mullen also moves for dismissal based upon qualified immunity and the *Rooker-Feldman* doctrine. Based upon the Court's disposition applying quasi-judicial immunity, the analysis of these issues is not necessary.

[2] Even if Sheriff Mullen or his deputies had been sued in their individual capacities, the Third Circuit has held that an action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits. *Hamilton v. Leavy*, 322 F.3d 776, 782–783 (3d Cir. 2003); *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir. 1975); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); see also *Mohammed v. Wells Fargo N.A.*, 2016 WL 446633, (M.D. Pa. Jan. 11, 2016), report and recommendation adopted, 2016 WL 452143 (M.D. Pa. Feb. 4, 2016) (sheriff dismissed on the grounds of judicial immunity because the claims are based on his ministerial role in satisfying the mortgage foreclosure judgment).

deemed futile. Therefore, Sheriff Mullen's Motion to Dismiss will be granted, and Defendant, Sheriff Mullen, in his official capacity, will be dismissed.

ORDER

And now this 10th day of December, 2019, upon consideration of the Amended Complaint, and Defendant, William Mullen, in his official capacity as Sheriff of Allegheny County's, Motion to Dismiss, and the Plaintiff and Defendant, Mullen's, respective briefs, the Defendant's Motion to Dismiss is granted. William P. Mullen, in his official capacity as Sheriff of Allegheny County, PA, is dismissed as a party.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge