IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

WAYNE LITTLE,

    Plaintiff,

vs.

TUBE CITY RENAISSANCE, WILLIAM P.
MULLEN, IN HIS OFFICIAL CAPACITY
AS SHERIFF OF ALLEGHENY COUNTY,
PA.;

    Defendants,

2:19-CV-00172-MJH

MEMORANDUM ORDER

Plaintiff, Wayne Little, has filed a Motion for Reconsideration and Brief in Support (ECF Nos. 25 and 26) requesting that this Court reinstate his claims for declaratory relief against Defendant, William P. Mullen ("Sheriff Mullen"), who was dismissed in this Court's Opinion and Order of December 10, 2019 (ECF No. 21). Sheriff Mullen filed a Brief in Response (ECF No. 28), and Little filed a Reply Brief (ECF No. 31). The matter is now ripe for decision.

I.     Issue on Reconsideration

In his Motion for Reconsideration, Mr. Little does not dispute the Court's decision denying monetary damages against Sheriff Mullen based upon quasi-judicial immunity but argues that he would have a claim for declaratory relief under 42 U.S.C. § 1983. Because the Court did not address the claims for declaratory relief, it will do so here. In response to Mr. Little's Motion, Sheriff Mullen argues that the request for declaratory judgment is moot because the issue is not a live case or controversy. Mr. Little contends that he needs prospective relief to prevent Sheriff Mullen from violating his due process rights at some point in the future.

II. Discussion

   a. Mootness of Declaratory Relief

Article III of the United States Constitution specifies that the judicial power extends only to cases and controversies. *Campbell–Ewald Co. v. Gomez*, —— U.S. ——, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016) (citing U.S. Const. art. III, § 2). It is not sufficient that a controversy exists at the time the complaint was filed, but rather, an actual controversy must be present at all stages of the case. *Id.* A case becomes moot when (1) "the issues presented are no longer 'live,'" or (2) "the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172, 133 S.Ct. 1017, 185 L.Ed.2d 1 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) ). "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam) ).

The Third Circuit has recognized an exception to the mootness doctrine where the offending conduct is capable of repetition yet evades review. *Merle v. United States*, 351 F.3d 92, 95 (3d Cir. 2003). For this exception to apply, a plaintiff must establish that "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). When there is a likelihood that "the acts complained of will be repeated, the substantive issues remain justiciable, and a declaratory judgment could be rendered to define the rights and obligations of the parties." *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 32 (3d Cir. 1985) (citations omitted). Regarding repetition, the United States Supreme Court

2

has said that there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1184, 71 L. Ed. 2d 353 (1982). " 'Capable of repetition' is not a synonym for 'mere speculation.' " *New Jersey Tpk. Auth.*, 772 F.2d at 33.

Here, Little has not demonstrated a reasonable expectation or probability of repetition with regard to either Sheriff Mullen or Tube City Renaissance. Tube City Renaissance abandoned its efforts at obtaining a conservatorship over Mr. Little's property once it realized that Mr. Little and his family occupied the premises. Thus, Mr. Little cannot maintain a reasonable expectation that Tube City would repeat its efforts to petition for a conservatorship of Mr. Little's property. Further, should Mr. Little establish a public record of his ownership of the property, he would receive notice under the Conservatorship Act, and thus prevent the recurrence of his alleged due process claim. *See* 68 P.S. § 1101, et seq. Any recurrence of the circumstances in this case are based upon speculation alone. Accordingly, no live controversy exists which would permit the Court to grant any declaratory relief because Mr. Little has not established that his claims have not been mooted. Therefore, on this basis and for the reasons set forth in this Court's prior Opinion and Order, Little's Motion for Reconsideration is denied.

b. Injunctive Relief

In his Amended Complaint, Mr. Little also sought injunctive relief against Sheriff Mullen; however, his Motion for Reconsideration appears to abandon that claim. Out of an abundance of caution, the Court will address it here. To obtain injunctive relief, a plaintiff must show that (1) he has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardships tips in his favor; and (4) granting an injunction would not be against the

public interest. *Ne. Pennsylvania Freethought Soc'y v. Cty. of Lackawanna Transit Sys.*, 938 F.3d 424, 442 (3d Cir. 2019).

Here, Mr. Little's Amended Complaint does not support any of these elements. More specifically, Mr. Little retained possession of his property interests at all relevant times which negates "any irreparable injury." Further, Mr. Little has an adequate remedy at law pursuant to the Conservatorship Statute if he takes appropriate action to perfect his record title in the property. At that point, no injunction would be necessary because he would then be an "owner" as defined by the Conservatorship Statute. In addition, Mr. Little has not demonstrated that he could not have received adequate protections through the state appellate process. Rather than continue to pursue his arguments at the state level through his pending appeal, he withdrew his pending claims before the Pennsylvania Superior Court after Tube City withdrew its claim on the property.[1] Therefore, Mr. Little abandoned an adequate state law remedy to challenge the constitutionality of the Conservatorship Act. Accordingly, injunctive relief is not available to Mr. Little. Therefore, on this basis and for the reasons set forth in this Court's prior Opinion and Order, Little's Motion for Reconsideration is denied.

ORDER

And Now this 30th day of January 2020, upon consideration of Plaintiff's Motion for Reconsideration and Brief in Support (ECF Nos. 25 and 26), Sheriff Mullen's Brief in Response

---

[1] The Pennsylvania Superior Court has held that, "if the issues raised by an appeal are 'substantial questions' or 'questions of public importance,' and are capable of repetition, yet likely to evade appellate review, then [it] will reach the merits of the appeal despite its technical mootness." *Burke ex rel. Burke v. Indep. Blue Cross*, 2015 PA Super 235, 128 A.3d 223, 228 (2015), aff'd sub nom. *Burke by Burke v. Indep. Blue Cross*, 642 Pa. 691, 171 A.3d 252 (2017). Here, Mr. Little has presented constitutional questions that may have been considered a substantial question or question of public importance.

(ECF No. 28), and Little's Reply Brief (ECF No. 31), and for the foregoing reasons, said motion is denied.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge